# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Randy L. Decker, Jr.

    v.                                   Case No. 17-cv-015-PB

FCI Berlin, Warden

## REPORT AND RECOMMENDATION

Randy Decker, an inmate at the Federal Correction Institution in Berlin, New Hampshire, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that his constitutional right to procedural due process was violated when prison officials expelled him from the prison's Residential Drug Abuse Program ("RDAP"), without adequate explanation, which resulted in his losing the sentence reduction that he might have been granted if he had successfully completed RDAP. Before this magistrate judge for a report and recommendation is respondent's motion to dismiss or for summary judgment. Petitioner has not responded. For the reasons that follow, respondent's motion should be granted.

## Background

When Decker was admitted into RDAP, he became eligible for a statutory incentive to complete the program, under which

"[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program <u>may be reduced</u> by the Bureau of Prisons ["BOP"], but such reduction may not be more than one year from term the prisoner must otherwise serve."  18 U.S.C. § 3621(e)(2)(B). While Decker was enrolled in RDAP, his inmate record reflected the possibility of an early release, on June 27, 2017.  In June of 2016, shortly before he would have completed DRAP, if all had gone well, Decker was expelled from the program.  His inmate record was thereafter amended to reflect that he was no longer eligible for the § 3621(e)(2)(B) incentive, and that his projected release date was June 27, 2018.  Decker appealed his expulsion from DRAP through all four levels of the BOP grievance process, and never received an explanation that, in his view, provided him with enough information about the reasons for his expulsion to allow him to properly challenge it.  This action followed.  In it, Decker claims that the BOP's failure to provide him with an adequate explanation for his expulsion from DRAP violated his constitutional right to due process.

## Discussion

The parties seem to characterize this case in two different ways.  Respondent sees Decker's claim as a substantive challenge

2

to his expulsion from RDAP and the subsequent loss of the opportunity to receive the § 3621(e)(2)(B) sentence reduction. Decker frames his claim as a constitutional challenge to the purportedly deficient process he received from the BOP when he sought information he could use to challenge his expulsion from RDAP. Either way the case is framed, respondent is entitled to dismissal.

Respondent argues that Decker's petition should be dismissed because the court lacks jurisdiction over it. In the alternative, he argues that even if the court has jurisdiction, he is entitled to judgment as a matter of law on Decker's claim. If Decker's claim is properly characterized as a substantive challenge to his expulsion from RDAP, respondent's first argument is persuasive, and dispositive.

In Reeb v. Thomas, a federal prisoner filed a § 2241 petition "challenging the BOP's decision to expel him from RDAP and seeking both readmission into RDAP and a twelve-month reduction in his sentence upon successful completion of the program," 636 F.3d 1224, 1226 (9th Cir. 2011). While the district court in Reeb "concluded that federal courts have jurisdiction to determine whether the BOP exercised its discretion to administer RDAP properly," id., the court of appeals reached the opposite conclusion, holding that

3

any substantive decision by the BOP to admit a
particular prisoner into RDAP, or to grant or deny a
sentence reduction for completion of the program, is
not reviewable by the district court [and that the]
BOP's substantive decisions to remove particular
inmates from the RDAP program are likewise not subject
to judicial review.

Id. at 1227. To the extent that Decker's claim is that the BOP improperly expelled him from DRAP, his claim is doomed by Reeb.

Even if Decker's claim is properly characterized as a Fifth Amendment procedural due process claim, he fares no better. As the Ninth Circuit explained:

> To the extent that Reeb alleges equal protection
> and due process violations, these claims must
> necessarily fail. . . . Reeb . . . cannot prevail on
> his due process claim because inmates do not have a
> protected liberty interest in either RDAP
> participation or in the associated discretionary early
> release benefit. See Greenholtz v. Inmates of Neb.
> Penal & Corr. Complex, 442 U.S. 1, 7 (1979)
> (determining that a prisoner does not have a
> constitutional right to be released prior to the
> expiration of a valid sentence); Moody v. Daggett, 429
> U.S. 78, 88 n.9 (1976) (concluding that discretionary
> determinations regarding conditions of confinement do
> not create due process rights); Jacks [v. Crabtree],
> 114 F.3d [983,] 986 n.4 [(9th Cir. 1997)] (finding
> that 18 U.S.C. § 3621(e)(2)(B) does not create a due
> process liberty interest in a one-year sentence
> reduction).

Reeb, 636 F.3d at 1228 n.4 (parallel citations omitted); see also Pizarro Calderon v. Chavez, 327 F. Supp. 2d 131, 135 (D.P.R. 2004) ("Courts have consistently held that 18 U.S.C. § 3621(e) does not create a liberty interest subject to constitutional protection.") (citing Cook v. Wiley, 208 F.3d

4

1314, 1322-23 (11th Cir. 2000); Rublee v. Fleming, 160 F.3d 213, 216 (5th Cir. 1998); Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998); Orr v. Hawk, 156 F.3d 651, 654 (6th Cir. 1998); McLean v. Crabtree, 173 F.3d 1176, 1184-85 (9th Cir. 1999)).

Decker attempts to save his due process claim by pointing to BOP inmate records that noted the sentence reduction he might have earned by successfully completing RDAP, and he analogizes the § 3621(e)(2)(B) incentive to so-called "good time," which, once awarded, cannot be taken away from an inmate without a modicum of process, see Johnson v. Warden, FCI, Berlin, N.H., No. 16-cv-442-LM, 2017 WL 3588751, at *1 (D.N.H. Apr. 20, 2017) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985)). The problem with Decker's argument is that the discretionary sentence reduction described in 18 U.S.C. § 3621(e)(2)(B) is not a "signing bonus" awarded for being admitted into RDAP; it is, by its very language, an incentive that is available, if at all, only after successful completion of RDAP (a precondition that Decker never satisfied). Thus, Decker is flatly incorrect in characterizing the § 3621(e)(2)(B) incentive as being awarded "up front," and the BOP's notation of Decker's RDAP participation in his inmate records does nothing to change that. Accordingly, the BOP's deletion of that

notation after Decker was expelled from RDAP does not represent a rescission of a § 3621(e)(2)(B) sentence reduction that he had been awarded. In short, the possibility that Decker might earn a § 3621(e)(2)(B) sentence reduction, which is all that was reported in his inmate records, never ripened into an actual sentence reduction, and even if it had, "inmates do not have a protected liberty interest in either RDAP participation or in the associated discretionary early release benefit." Reeb, 636 F.3d at 1228 n.4.

## Conclusion

Because this court lacks jurisdiction over Decker's claim, or because Decker has no constitutionally protected liberty interest in the incentive provided by 18 U.S.C. § 3621(e)(2)(B), respondent's motion should be granted, and Decker's petition should be dismissed.

Any objection to this report and recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file an objection within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by

6

objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                    _____
                                    Andrea K. Johnstone
                                    United States Magistrate Judge

August 28, 2017

cc: Randy L. Decker, Jr., Esq.
    Seth R. Aframe, Esq.